4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Seaton BLACK, Defendant-Appellant.
 No. 93-5192.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 16, 1993.
Decided Sept. 2, 1993.
 
 Appeal from the United States District Court, for the Southern District of West Virginia, at Beckley, No. CR-92-158-2; Elizabeth V. Hallanan, District Judge.
 Philip A. LaCaria, LaCaria & Hassan, Welch, WV, for defendant-appellant.
 Michael W. Carey, U.S. Atty., Kelly D. Ambrose, Asst. U.S. Atty., Charleston, WV, for plaintiff-appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Seaton Black pled guilty to the unlawful receipt of an unregistered weapon, a sawed-off shotgun, in violation of 26 U.S.C.A. Sec. 5861(d) (West 1989). He reserved the right to appeal the district court's ruling on the admissibility of the shotgun. Black alleges that the gun should not be admissible because it was found as a result of an illegal seizure of a rifle, and therefore is subject to exclusion as the fruit of the poisonous tree. Wong Sun v. United States, 371 U.S. 471, 484 (1963). He also argues that the shotgun was inadmissible as the product of statements obtained without the warnings required by Miranda v. Arizona, 384 U.S. 436 (1966). We affirm.
 
 I.
 
 2
 In November 1991, two rangers of the National Park Service were alerting visitors to the New River Gorge National Park in West Virginia that the park was closing due to danger from forest fires. The rangers looked in the rear of a parked van and saw Black in a sleeping bag. Black opened the rear door in response to their knocks. Ranger Boley observed an uncased .22 rifle beside the sleeping bag. He identified himself, informed Black of the park closing, and asked for identification. Boley examined the rifle. He unloaded it after finding it to be fully loaded with a bullet in the chamber. Ranger Bunting informed Boley that he had observed shotgun shells on the front console of the van. Black, when asked if he had any other weapons in the van, produced a loaded 9 mm semi-automatic pistol and an unloaded sawed-off shotgun.
 
 
 3
 The rangers took the shotgun shells and a "marijuana pipe" from the console. Upon inquiry, Black produced a small bag of marijuana from the van. He consented to a canine search of the vehicle, but no additional drugs were found. Black was given a citation for possession of marijuana and possession of a loaded weapon, the rifle. No arrest was made, and Black was not detained. He later pled guilty before a federal magistrate to possession of less than one ounce of marijuana. The charge for possession of the rifle was dropped. In June 1992, Black was indicted on two counts of possession of an unregistered sawed-off shotgun.
 
 II.
 
 4
 A law enforcement officer may seize an object in plain view when (1) the officer lawfully makes the initial intrusion or otherwise is in a position from which he can view the area; and (2) it is immediately apparent to the officer that the item he observes may be evidence or contraband. Horton v. California, 496 U.S. 128, 136-37 (1990). The "immediately apparent" requirement is the equivalent of probable cause. Texas v. Brown, 460 U.S. 730, 741-42 (1983); see also Arizona v. Hicks, 480 U.S. 321, 326 (1987).
 
 
 5
 The rangers had a right to knock on Black's van, to inform him that the park was closing. When Black opened the rear door of his van, Ranger Boley had a clear view of a rifle beside the sleeping bag. Under 36 C.F.R. Sec. 2.4(a)(3) (1992), unloaded weapons may be carried in a vehicle in a national park only if they are "rendered temporarily inoperable or are packed, cased or stored in a manner that will prevent their ready use." Section 2.4(b), of the regulation prohibits possession of a loaded weapon in a motor vehicle in the national park. Therefore, Ranger Boley had probable cause to believe that Black's possession of the rifle was in violation of 36 C.F.R. Sec. 2.4. Black consented to the further examination of his van, and showed the rangers where a loaded semi-automatic pistol and the shotgun were kept in the van. Because of the applicability of the plain view doctrine, Black's Fourth Amendment rights were not violated.
 
 III.
 
 6
 The need to give warnings under Miranda v. Arizona, 384 U.S. 436 (1966), arises only if the suspect is "in custody." Beckwith v. United States, 425 U.S. 341, 347 (1976). In determining whether the defendant was "in custody," the court looks to the reasonable perception of one in the suspect's position. Berkemer v. McCarty, 468 U.S. 420, 442 (1984). The suspect, if not formally arrested, must be deprived of his freedom in a significant way. Miranda, 384 U.S. at 444. We review the district court's findings on a motion to suppress under a clearly erroneous standard. See United States v. Bernard, 757 F.2d 1439, 1443 (4th Cir.1985).
 
 
 7
 In ruling on the motion to suppress, the district court credited the government's version of the incident. According to the rangers, Black's movements were unrestricted. He was not required to sit in the rangers' vehicle, their weapons were never drawn, he was not handcuffed or told not to move or leave. Black seemed relaxed and sure of himself. Based on this evidence, the district court was not clearly erroneous in finding that Black was not "in custody" or otherwise deprived of his freedom of movement in a significant manner. Oregon v. Mathiason, 429 U.S. 492, 494 (1977) (per curiam). Therefore, Black was not entitled to Miranda warnings.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.